[Civ. No. 2088. Second Appellate District.—October 12, 1916.]

HENRY J. KRAMER, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION OF THE STATE OF CALI-FORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—REVIEW OF AWARD—REFERENCE TO EVIDENCE—WHEN PERMISSIBLE.—In a proceeding to review an award made by the Industrial Accident Commission, where the findings are meager in detailing the facts upon which the commission based its conclusion, the evidence may be referred to, not to vary or contradict the findings of fact, but for the purpose of explaining or supplementing the same.

ID.—INJURY TO PERSON EMPLOYED AS JANITOR AND GARDENER—PRUN-ING OF FIG TREE—GARDEN LABOR—COMPENSATION NOT AWARDABLE. A person employed as janitor for a dancing academy in a building

31 Cal. App.—43

which was also used by his employer for the purpose of a residence, the duties of which position were to take charge of the rooms, sweep and dust the same, and in general keep them in order, and also employed as a gardener to look after and care for the grass, flowers, shrubbery, and trees growing upon the lot and upon the adjoining lot, which latter lot the employer used for garage purposes, is not entitled to compensation for injuries received in pruning a fig tree upon the latter lot, as such injury arose in the course of his employment as gardener, and not as janitor, which first-named employment is excluded from the operation of the Workmen's Compensation, Insurance and Safety Act by section 14 thereof, which excepts employees engaged in farm, agricultural, or horticultural labor, or in household domestic service.

APPLICATION for a Writ of Certiorari originally made to the District Court of Appeal for the Second Appellate District to review an award made by the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Jones & Evans, Gibson, Dunn & Crutcher, and Norman S. Sterry, for Petitioner.

F. M. Shepard, and Christopher M. Bradley, for Respondents.

SHAW, J.—*Certiorari* to review the action of the Industrial Accident Commission in awarding benefits to Oscar Ohlsson, an employee of petitioner Henry J. Kramer.

The findings are, unfortunately, meager in detailing the facts upon which the commission based its conclusion. Such being the case, we may refer to the evidence, not to vary or contradict the findings of fact, but for the purpose of explaining or supplementing the same. (*Matter of Rheinwald,* 168 App. Div. 425, [153 N. Y. Supp. 598].) It appears that Ohlsson was an employee of Kramer, who conducted a dancing academy in a building which was also used by him for the purpose of a residence. Adjoining the lot upon which this building stood was a lot, upon the rear of which there was a garage, reached by a driveway from the street, along which there grew some peach and palm trees, the branches of which overhung the driveway, thus interfering with the free use thereof, and some twenty-five feet from which was a

growing fig tree. Kramer did not own this adjoining lot, but was permitted by the owner thereof to use the garage, and Ohlsson had been directed by Kramer to trim the branches of the palm and peach trees which overhung the driveway. On both lots were plots of grass, flowers, trees, and shrubbery. The evidence, without conflict, shows that Ohlsson was employed by Kramer in the capacity of a janitor, the duties of which position were to take charge of the rooms, sweep and dust the same, and in general keep them in order; and also employed as a gardener to look after and care for the grass, flowers, shrubbery, and trees growing upon both lots, and that he performed services in both capacities.

The commission found that Ohlsson was injured by accident "while in the employment of . . . Henry J. Kramer as a janitor of a dancing-hall and house and garden laborer." (2) "That said accident and injury arose out of and happened in the course of said employment, and occurred while the said employee was performing service growing out of, incidental to, and in the course of his employment, and was as follows: While pruning a fig tree upon a lot adjacent to that occupied by his employer, and in part used by such employer, a garage used by such employer being located thereon and the driveway thereto on such property having along its border palm and peach trees which applicant had been instructed to. trim, applicant stepped upon and was pierced in the ankle by a palm thorn, which occasioned serious disability. That the pruning of such fig tree without specific instructions so to do, did not constitute misconduct on the part of the applicant or take him outside the scope of his employment, but was such an act as any employee might reasonably perform incidental to the course of his employment."

It thus appears that Ohlsson was employed in a dual capacity; that is, in the capacity of a janitor for a dancing hall and a house and garden laborer. A janitor is defined to be "one who is employed to take care of a public building." As generally understood, the term refers to a person employed to take charge of a building and rooms therein and keep the same clean and in order. (*Fagan* v. *Mayor*, 84 N. Y. 348.) For the purpose of this case we may assume that the employment of a person in such capacity brings him within the operation of the statute. Section 14 of the act excludes from its operation employees engaged in farm, agricultural, or hor-

ticultural labor, or in household domestic service. In the light of the evidence we construed the finding that Ohlsson was employed as a house and garden laborer, as referring to household domestic service mentioned in section 14, and the caring for the flowers, grass, trees, and shrubbery growing upon the two lots. In other words, the service performed by Ohlsson as a house laborer consisted of household domestic service, while that performed by him in the capacity of a garden laborer consisted in horticultural labor. Clearly, the labor of caring for grass lawns, trees, shrubbery, and flowers is horticultural in character. (See definitions of horticulture in Standard Dictionary and American Encyclopedia.) Ohlsson was thus employed for the performance of services in two capacities; one that of janitor, falling within the terms of the act; the other as a house and garden laborer, employees engaged therein being excluded from its operation. Hence, if the injury sustained by Ohlsson was due to an accident while he was engaged in labor as and under his employment as a gardener, he would not be entitled to the benefits of the act, unless the service was incidental to the work of janitor. The pruning of this fig tree without specific instructions so to do might well be regarded as within the scope of his employment as gardener, since the proper care thereof required such work to be done. It did not, however, interfere with the use of the driveway, and the pruning thereof had no connection with the work of janitor which by any stretch of the imagination could render it incidental thereto. Therefore, the conclusion of law as found by the commission, that at the time of the injury "the applicant employee was not engaged in any of the occupations or employments excepted by section 14 of the Workmen's Compensation, Insurance and Safety Act from the provisions of said act," is without support in the facts found. (*Southern Pacific Co.* v. *Pillsbury et al.*, 170 Cal. 782, [151 Pac. 277].) The New York compensation act does not apply to all employees, but to those only engaged in certain occupations there designated as extrahazardous, while the California act applies to all except those designated as being excluded when engaged in certain work. This being true, the decisions of the New York courts in like cases furnish a rule which we think should be followed in the case at bar. In the case of *Gleisner* v. *Gross*, 170 App. Div. 37, [155 N. Y. Supp. 946], a part of the duties

of an employee was to operate boilers and elevators, desig-
nated as extrahazardous. He had other duties to perform,
however, which were not within those so classed by the legis-
lature, and was injured while performing some of the latter
duties. In holding that he was not entitled to recover, the
court said: "Regardless of the contractual or colloquial
designation of the duties or position of an injured employee,
the question remains in every instance as to the work which
he was in fact doing and the extent to which his work came
within the category of the enumerated employments. The
actuality, rather than the appellation, is the sound basis for
the commission's action in determining whether an employee
met with mishap in the course of an enumerated employ-
ment." In the case of *In re Sickles*, 156 N. Y. Supp. 864,
the defendant was engaged as warehouseman in storing fruit,
and also engaged in buying and selling fruits. An employee
of the defendant was engaged part of the time in connection
with defendant's business as a warehouseman, designated as
extrahazardous, and part of the time as a salesman in buying
and selling fruit, which latter calling was not within the oper-
ation of the statute. He was injured while engaged in the
latter business, and it was held that he was not entitled to
recover compensation therefor. The court there said: "The
difficulty is that the employer was engaged in two entirely
distinct kinds of business, one of which was not within the pro-
tection of the statute, and that the claimant was injured in
performance of his duties, which at the time of the injury
solely had reference to that kind of business not thus pro-
tected." So, too, where an employee of a common carrier
engaged in both intra and inter state transportation is injured,
his right to recover under the federal statute will depend
upon the character of his service at the time of his injury;
that is, if at the time of the injury he was engaged in inter-
state work, he may recover under federal statute; otherwise,
his rights are measured by the state law. (*Illinois C. R. Co.*
v. *Behrens*, 233 U. S. 473, [Ann. Cas. 1914C, 163, 10 N. C.
C. A. 153, 58 L. Ed. 1051, 34 Sup. Ct. Rep. 646]; *Colasurdo*
v. *Central R. R. Co. of N. J.*, 180 Fed. 832; *Erie R. Co.* v.
*Jacobus*, 221 Fed. 335, [137 C. C. A. 151].) Our conclusion
is that the injury sustained by Ohlsson arose out of and was
in the course of his employment, not as a janitor, but while

engaged in garden labor, which is in the nature of and included within the term "horticultural labor," for which he is not entitled to the benefit of the act.

The award is, therefore, set aside and annulled.

Conrey, P. J., and James, J., concurred.