## STATE EX REL. WALTER FOSS AND ANOTHER v. L. S. NELSON AS JUDGE OF THE THIRTEENTH JUDICIAL DISTRICT.[1]

### February 6, 1920.

### Nos. 21,701, 21,702.

**Workmen's Compensation Act — owner of farm — new building.**
    The owner of a rented farm, when building a barn on the farm for farm use, is not within the Compensation Act.

Upon the relation of Walter Foss and his wife the supreme court granted its writ of certiorari directed to the Honorable L. S. Nelson, judge of the Thirteenth judicial district, to review proceedings in that court brought under the Workmen's Compensation Act by George Tadens, employee, against relators, employers. Reversed.

*Wilson Borst* and *P. S. Redding,* for relators.

*O. J. Finstad,* for respondent.

[1] Reported in 176 N. W. 164.

HALLAM, J.

Relators Walter Foss and Anna Foss are husband and wife. Anna Foss owned a farm of 160 acres in Cottonwood county. Walter Foss looked after it. It was rented to a relative on shares. The Fosses and the tenant farmed it together to some extent. The Fosses furnished a team and machinery. Walter Foss helped the tenant. He helped around whatever work was necessary, made some improvements, did some tiling, made small repairs, and in 1919 he and the renter tore down an old barn and worked the old lumber into a new one which was built for farm use. Walter Foss transacted the business in connection with building the barn. He was not a carpenter, but employed and paid the carpenters. They all boarded with the tenant. On July 22, 1919, two of the carpenters, George Taden and Edward Spielman, were injured by a fall of a scaffold. No negligence is charged. Claim is made against Walter and Anna Foss under the compensation act. The question is, does this case come within the terms of the compensation act? The compensation act provides, section 8202 as amended by chapter 193, p. 258, Laws of 1915:

"This act shall not be construed or held to apply to * * * domestic servants, farm laborers or persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of his employer."

It is clear that Walter Foss was his wife's agent. The situation is the same as though an owner had done the things which he did.

In State v. District Court of Douglas County, 138 Minn. 103, 164 N. W. 366, one who owned but did not operate a farm was building a shed on his farm to substitute for a barn that had burned. During the course of its construction, a carpenter employed by him was injured. It was held that the employment was not within the usual course of the business or occupation of the employer, and that the carpenter had no claim under the compensation act. That decision seems to us to control this case. That the shed in that case was of a more temporary character than the barn in this case, is not an important difference.

Uphoff v. Industrial Board, 271 Ill. 312, 111 N. E. 128, L.R.A. 1916E, 329, Ann. Cas. 1917D, 1; Blood v. Industrial Accident Commission, 30 Cal. App. 274, 157 Pac. 1140; Maryland Casualty Co. v. Pillsbury, 172 Cal. 748, 158 Pac. 1031, are similar cases.

State v. District Court of Washington County, 141 Minn. 83, 169 N. W. 488, is distinguishable. The construction of a coal shed was held under the evidence in that case to be within the usual course of business of a lumber and coal company.

But, if respondent can escape this conclusion, it is only on the theory that the building of a barn is within the usual course of the business or occupation of defendants. In our opinion the Fosses are not in a different situation, as far as this case is concerned, from a farmer living upon and operating his farm. If this was a work within the usual course of their business or occupation, then it was farm work, and, if it was farm work, there is no escape from the conclusion that one performing it was a "farm laborer" and "farm laborers" have been denied the benefit of the compensation act. Section 8202 above quoted.

Judgment reversed.