## ERNEST J. SEITZ v. ELITE LAUNDRY COMPANY AND OTHERS.[1]

June 30, 1922.

No. 22,955.

**Corporation—salaries of officers not excessive.**

In an action by the plaintiff to compel the officers of the defendant corporation to restore to the corporate treasury salaries received, alleged to be unreasonable and excessive, it is *held* that the finding of the trial court that the salaries were not unreasonable and excessive is sustained by the evidence.

Action in the district court for Ramsey county for an accounting; to compel defendants to pay over to the company all profits or income received by them by way of investment, profit, income or otherwise, and to disallow any compensation to Theodore Michel for his services as managing director or president and that he should pay interest on all funds or property diverted, and for the appointment of a receiver. The case was tried before Haupt, J., who made amended findings and as conclusion of law ordered that plaintiff be decreed to be the owner of 620 shares of the capital stock of the corporation; that the resolution for the indemnification of Theodore

[1]Reported in 189 N. W. 589.

Michel be expunged, and that a cash dividend of 50 per cent on the capital stock be declared, and a further dividend of 25 per cent out of U. S. Liberty bonds in its possession. Plaintiff's motion for amended findings was granted in part and denied in part. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*H. E. Fryberger* and *O'Brien, Stone, Horn & Stringer,* for appellant.
*O. E. Holman,* for respondent.

DIBELL, J.

Action by the plaintiff, a minority stockholder, to compel the defendant laundry company to declare a dividend and to require certain of the other defendants, officers of the corporation, to restore salaries received and claimed to be unreasonable and excessive. There were findings directing the payment of a 30 per cent special dividend, but giving no relief in the matter of salaries. Afterwards a fire occurred, insurance was received, and additional dividends were paid, the total approaching par value. The plaintiff appeals. No complaint is now made about dividends, and there is left for consideration only the question of salaries.

The general questions of law are involved in the case of the same plaintiff against the Union Brass & Metal Mnfg. Co. supra, page 460, and by referring to that case we avoid repetition.

In the original findings is a finding like the specific amended finding referred to in the Union Brass & Metal Mnfg. Company case, and a request for amended findings as in that case was denied.

The corporation was prosperous. The management was efficient and progressive. In 1919 and 1920 the profits were very large—unreasonably large if to be permanent. To the condition of the times some of the company's success may be ascribed, but it is clear that there was rare good judgment and skill in increasing the business and in practicing economies and producing profits. Evidence given by those conversant with the value of the services rendered sustains a finding that the salaries were not unreasonable and excessive, and there is nothing in the plaintiff's contention of excessiveness of

salaries which survives the trial court's adverse finding. A review
of the evidence would be wasteful. We have considered it thor-
oughly.

Order affirmed.