## LENA KLEIN v. W. W. McCLEARY.[1]

February 9, 1923.

No. 23,220.

**When findings of Industrial Commission will be sustained on review.**

1. In proceedings under the Workmen's Compensation Act, brought to this court for review, the findings of the commission will be sustained unless they are manifestly unsupported by the evidence.

**Workman not a farm laborer—land used as summer resort.**

2. A finding by the commission that a workman was not a farm laborer, and that the land upon which he was working when injured was used by his employer in the business of conducting a summer resort, is supported by the evidence.

**Employment not casual.**

3. The employment of the workman was not casual and was in the usual course of his employer's business and occupation within the meaning of section 8, chapter 82, Laws 1921.

Upon the relation of W. W. McCleary the supreme court granted its writ of certiorari directed to the Industrial Commission of the state of Minnesota to review the award of the commission in an action brought under the Workmen's Compensation Act by the widow of Gust Klein, as employe, against relator, as employer. Affirmed.

*Ernest E. Watson*, for relator.
*Lewis E. Lohman*, for respondent.

LEES, C.

Certiorari to review the award of the Industrial Commission in proceedings under the Workmen's Compensation Act.

Respondent is the widow of Gust Klein, who was injured on October 20, 1921, while in the employment of relator, and died on November 23, 1921, as a result of the injury.

[1] Reported in 192 N. W. 106.

Section 8, chapter 28, p. 92, Laws 1921, excludes farm laborers from the benefits of the compensation act. Relator asserts that Klein was a farm laborer. The commission found that he was not, and awarded compensation. Relator attacks the finding. There is not much dispute about the facts, but there is about the inferences to be drawn from them. The relator is a physician residing in Chicago. Five or six years ago he purchased 40 acres of land bordering on Thunder Lake in Cass county in this state. At the time of the purchase, three cabins, a main lodge and an old barn were on the land. Relator has since added 6 or 7 cabins, a tool house, and a barn. He has given the name of "Thunder Lake Lodge" to the place and advertises it as a resort for hunters and fishermen in the wilderness of Northern Minnesota at the end of the trail. During the summer and early fall months, he receives paying guests who occupy the cabins and are furnished with meals in the main lodge. He keeps boats on the lake and charges his guests for their use. With the exception of a garden plot, none of the land had been cleared for cultivation when relator purchased it. He has since cleared 9 acres and seeded most of it to timothy and clover. A small portion is used to grow potatoes and garden vegetables to supply the table in the main lodge. A cow and chickens were kept on the place and the milk and eggs produced were used for the same purpose.

About 3 years ago relator purchased 80 acres of land some 6 miles from the lodge. There were a house and barn thereon and a meadow containing about 30 acres. Since making the purchase, he has cleared 10 of the 80 acres, and annually cuts and puts up the hay crop on this land. He employed Edward Kruse as his manager. Klein was hired in July, 1921, to work on both places, and continued to work until he was injured. He received $40 a month and board and lodging. He made hay, planted potatoes, took care of the horses, milked the cow and did other work ordinarily done by a farm hand. A cook and two assistants in the kitchen and dining-room of the main lodge were also employed. The nearest railway station is Remer, about 10 miles distant. Supplies were obtained and guests met at that point and were carried to the lodge in an

automobile, driven sometimes by Kruse and sometimes by Klein. The lodge was regularly inspected by the state hotel inspector and was licensed as a hotel. From year to year relator added to the cleared land upon his holdings. For some 3 weeks prior to October 20, 1921, he and Kruse and Klein had been actively engaged in pulling stumps from the land where the lodge was located. On the last mentioned date, while the 3 men were thus engaged, the sweep of the stump pulling machine accidentally struck Klein's leg and crushed and lacerated it to such an extent that it became necessary to amputate it, and as a result he lost his life.

The commission found that relator used the land first purchased, together with the buildings thereon, as a summer and hunting resort for transient guests; that his business while in this state was conducting the resort known as "Thunder Lake Lodge;" and that Klein was employed in that business and was engaged in improving the grounds used in connection with the lodge when he was injured.

In reviewing these findings, we do not examine the evidence with the view of determining the facts. Their determination rests with the commission. We do inquire whether the findings are supported by any evidence which would warrant reasonable men in coming to the same conclusion as the commission. The inquiry presents a question of law. The court is bound to sustain the findings unless they are manifestly without support in the evidence. Lading v. City of Duluth 152 Minn. 469, 190 N. W. 981. With this rule in mind, we will consider the contention that the conclusion that Klein was not a farm laborer within the meaning of the compensation act, could not be reached without wholly disregarding the evidence.

Relator relies on State ex rel. Bykle v. District Court, 140 Minn. 398, 168 N. W. 130, L. R. A. 1918F, 198, and State ex rel. Foss v. District Court, 145 Minn. 123, 176 N. W. 164. In the first case, the workman was one of a threshing crew. His work was done on farms and on farm crops. In the instant case, Klein was not working on a farm but on land used as a summer resort. In the second case, the workmen were building a barn for a farmer. It was built in the usual course of the business, or occupation of a

farmer. In the instant case, Klein was not working for a farmer or in the usual course of the business of farmers. The finding is that his employer was the keeper of a summer resort and that Klein's work was done in the course of the business of maintaining the resort and improving the grounds where it was conducted. It is probably true that the work of clearing land to prepare it for cultivation as a farm is farm work and that a man employed to do such work is a farm laborer, but it does not follow that a man who does work of that nature for an employer who is developing and improving a summer resort in the forests of northern Minnesota is a farm laborer. Generally speaking, a man hired to work on a farm is a farm laborer and is not within the compensation act, but if his employer should take a contract to clear the right of way for a railroad or public highway and should set his hired man at work on the job, would any one suppose that he was not protected by the act? A carpenter may become a farm laborer for the time being, as in the Foss case, and conversely a farm laborer may become a carpenter for the time being. The workman's calling is not the test, but rather the nature of his work. Here, the work of clearing the land was in furtherance of the business of the landowner as the proprietor of a summer resort, and not in furtherance of the business of a farmer.

We have examined the cases in other jurisdictions which are cited by relator. Most of them are collected in notes to Miller & Lux v. Industrial Acc. Com. 7 A. L. R. 1296, and Uphoff v. Industrial Board, 271 Ill. 312, 111 N. E. 128, L. R. A. 1916E, 329, Ann. Cas. 1917D, 1, 13 Neg. & Comp. Cas. 80. In none of them was the employer confronted by a finding that he was not engaged in farming but in a different occupation. In all of them the work was primarily agricultural in its nature and was being done in the usual course of the business of farming.

It is urged that Klein's employment was casual and not in the usual course of relator's business or occupation within the meaning of section 8, chapter 82, p. 92, Laws 1921. His employment had extended over a period of more than 3 months. A substantial part of his employer's business was conducting a summer resort. Klein's

employment was neither casual nor outside the usual course of that business. Unless it was both, he was not excluded from the benefits of the act. State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State ex rel. Lennon v. District Court, 138 Minn. 103, 164 N. W. 366. We are of the opinion that the commission was justified in concluding that as a matter of fact Klein was not a farm laborer within the meaning of the act, and that his employment was not casual and outside the usual course of relator's business.

The order of the commission awarding compensation is therefore affirmed.