## ANNA DURRIN v. JOHN MEEHL.[1]

May 22, 1925.

No. 24,663.

**Findings of Industrial Commission sustained.**
    In this, a Workmen's Compensation case, the findings that the accident arose out of and in the course of the employment, that the employment was not casual in its nature, and that the employe was not a farm laborer, are supported by the evidence.

1. See Workmen's Compensation Act, C. J. p. 115, § 114.

1. See note in L. R. A. 1918F, 202; 28 R. C. L. 719; 3 R. C. L. Supp. 1590; 4 R. C. L. Supp. 1837

Upon the relation of John Meehl the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review its order in a proceeding under the Workmen's Compensation Act by Anna Durrin, widow of Walter Durrin, employe, against relator, employer. Affirmed.

*A. B. Childress,* for relator.
*Moonan & Moonan,* for respondent.

[1]Reported in 204 N. W. 22.

QUINN, J.

Certiorari to review the findings and order of a referee for the Industrial Commission and an order of the commission affirming the same, together with the record in connection therewith.

For upwards of 20 years, the employer, John Meehl, owned, resided upon and operated a farm of 80 acres, about 3 miles out from the village of Morristown, in Waseca county. Aside from the farm, he owned a small sawmill, located in the village, which he operated for 5 or 6 days each spring, sawing logs for himself and others residing in the vicinity. The period during which he operated the mill depended upon the amount of logs brought in. The mill always remained in the same location. It was under a shed which was open at both ends. It required 5 or 6 men to operate, was within a couple of blocks from the village water tank, and they used slabs from the mill for fuel. The power was provided by a traction engine which was a part of the farm equipment when not in use at the mill.

The petitioner, Anna Durrin, seeks to recover compensation as the widow of Walter Durrin, deceased, who died May 26, 1924, as the result of accidental injury sustained while in the employ of John Meehl, May 2, 1924. Deceased was a man of about 74 years of age, and somewhat impaired in health and strength. At the time of the injury he was in the employ of Mr. Meehl about the sawmill, at a weekly wage of $12. He was familiar with the work, having been employed about the mill for a long number of years. On account of his age and failing condition, the employer hesitated about giving him work about the mill in the spring of 1924, but notwithstanding the fact he was given employment and his chief duty was to haul water from the village tank for the engine. He did other work about the mill, such as carrying slabs to the engine and helping at times in handling lumber. At the time of his injury, he stepped into the shed and was assisting in handling a piece of timber, when he slipped and the carriage struck him and broke his leg and otherwise injured him.

The referee's findings of fact are to the effect that the respondent, John Meehl, owned and operated a farm, 3 miles out from the

village of Morristown, upon which he resided with his family for upwards of 20 years; that he also owned a small sawmill, located in the village; that he operated the same as a commercial enterprise, in the way of sawing logs for others into lumber, for a short period of time each spring; that, while operating the mill, he employed several men to assist thereabout; that he carried no liability insurance; that, on May 2, 1924, Walter Durrin, now deceased, was one of the men so employed as a laborer about the mill, at a weekly wage of $12; that his principal business was to haul water for the engine; that, while in the course of his employment, he sustained an accidental injury, consisting of fractures of his leg, which immediately disabled him, and required medical care and treatment, for which $100 was the reasonable value; that the accident arose out of and in the course of his employment; that said injury was the direct cause of the decedent's death on May 26, 1924, and that such employment was not casual in its nature. It was further found that the deceased left, surviving him, a widow, the petitioner herein, as his sole dependent; that the employer had due notice of the accident and injury of the deceased employe, and that the petitioner, Anna Durrin, is entitled to compensation at the rate of $8 per week during her dependency, not exceeding $7,500, and in addition thereto the sum of $150 on account of burial expenses, and the sum of $100 on account of medical care and attention.

Compensation was resisted principally upon two grounds: First, that the employment was casual and not in the usual course of the employer's occupation; and, second, that the accident did not arise out of and in the course of the employment, but was the result of the employe departing from the scope and limits of his employment, in violation of express orders.

In support of the first contention, it is insisted that the occupation of the employer, within the meaning of the compensation law, was that of farming, and that the sawmill activity constituted a mere casual occupation, and that the employment of the employe was casual and not in the usual course of the employer's regular business. Under the provisions of the compensation law, as well as the decisions in this state, an employment must be not only casual, but

also not in the usual course of the business of the employer, in order to exclude it from the benefit of the act. Section 8, chapter 82, p. 92, L. 1921; Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312. The compensability of the employment is controlled by the question whether the activity in which the employment exists is in the usual course of the business or occupation of the employer. If it is in the usual course of the occupation of the employer, it is compensable whether casual or not.

It is contended that the occupation of the employer in the instant case was that of farming and that the accident, not having arisen out of that occupation, is not subject to compensation. It has been held by this court, as well as by other courts, that one may have more than one occupation, one of which may be subject to the compensation law, while the other is not. Benoy v. Torkelson, supra; Miller & Lux v. Ind. Acc. Com. 179 Cal. 764, 178 Pac. 960, 7 A. L. R. 1291. The question then arises whether the operation of this sawmill was in the usual course of the employer's occupation. It appears that he had been engaged in this business at a fixed place for a number of years, sufficiently long to complete the work available in that locality, and that it was in no way incident to or a part of his occupation as a farmer. It was found by the referee, and affirmed by the commission, correctly we think, that said sawmill business was separate and distinct from that of farming, and that the accident occurred in the usual course of such separate business and therefore the question whether the employment was casual is not important.

While the employer testified that the deceased was employed to haul water and forbidden to do other kinds of work about the mill, yet there was testimony given by disinterested witnesses to the effect that the deceased worked about the mill in handling slabs and assisting in handling heavy timbers and lumber, sufficient to raise a question, to be determined by the referee, whether the injury arose out of and in the course of the employment. The referee so found and the commission affirmed the finding, and we think there was sufficient evidence to make the finding conclusive.

We are satisfied that the findings of fact, as above indicated, are amply sustained by the evidence, and that the award should be sustained. The respondent is entitled to recover attorney's· fees in this court in the sum of $50.

Affirmed.