ELIZABETH GREISCHAR v. ST. MARY'S COLLEGE AND ANOTHER.[1]

December 21, 1928.

No. 26,968.

H. W. Volk and J. W. Schmitt, for relator.

L. N. Foster and S. C. Hurholdt, for respondent college and Travelers Insurance Company, its insurer.

HOLT, J.

The industrial commission denied relator compensation for her husband's death caused by accidental injury received in the service of his employer, and the decision is here on certiorari for review.

[1]Reported in 222 N. W. 525.

The commission found that the employe when accidentally injured was engaged as a farm laborer and not covered by the workmen's compensation act. Was this finding justified? That is the only question presented. The facts, practically undisputed, are these:

The bishop of the diocese of Winona owns and conducts St. Mary's College, a boarding school for boys and young men, located half a mile west of the westerly city limits of Winona, this state. The citizens of the city donated a farm of some over 100 acres as a site for the college. Some ten acres thereof are set off for a campus upon which are erected the college buildings, among which are dormitories, a dining hall, and a power house. The students number about 200. There are 15 instructors. With few exceptions the students room and board on the campus, it being the design of the college authorities to give "all students proper living accommodations under proper supervision." The 90 acres of the farm not set off for the campus are used for a dairy farm. Thereon are the usual farm buildings such as a dwelling house, barn, silo, hog house, sheds and outbuildings. A herd of 25 high-bred milk cows, four work horses, hogs, sheep and chickens are kept on the farm. The milk and cream not consumed at the table for the students or needed at St. Theresa's School for girls, maintained by the diocese at another place in the city, are sold to the creamery and the butter needed for the dining hall is bought from the proceeds. Young animals not required to keep up the herd are sold. Most of the products of the farm and of the animals kept thereon are consumed by the students or by the animals so kept. What is not so consumed is sold and brings about $1,000 a year.

Frank Greischar, relator's husband, was employed to milk the cows and attend to the barn work on this farm. He reported for work on the 11th of December, 1924, and was assigned sleeping quarters in the upper story of the power-house on the campus. This room was reached by an outside stairway. The next morning as he left his room about five o'clock to do the milking he slipped on the stairway and received a fatal injury. No doubt his death resulted

from an accidental injury arising out of and in the course of his employment. But if the finding, that his employment was then that of a farm laborer, is sustained, relator's claim was rightly denied, for the workmen's compensation act excludes farm laborers from its benefits.

That the part of the employer's property not used for the college buildings and campus was wholly used as a dairy farm must be conceded. Also that decedent's employment was confined to work thereon. He had no task in respect to the college buildings proper or the campus. That he had lodging there and received his injury while leaving the same does not prevent his being classified as a farm laborer. Nor can the purpose to which the owner of the farm upon which he was to labor devotes the proceeds thereof have any determinative bearing on the question whether he was a farm laborer within the meaning of the compensation law. The controlling consideration is the nature of the work the decedent was hired to do upon the employer's so-called farm. Had he with a work team been plowing or cultivating the corn to be put in the silo—obviously the ordinary work of a farm laborer—there could be no question of the propriety of a finding that he was a farm laborer when thus engaged. Of course no distinction can at this day be made in this state between the status of a laborer on a dairy farm and one on a grain farm so far as the protection of the workmen's compensation act applies. To milk cows and care for the barns on a dairy farm or plow its fields must be considered the work of a farm laborer just the same as·would be the same work upon any other sort of a farm. In Klein v. McCleary, 154 Minn. 498, 501, 192 N. W. 106, it was said:

"Generally speaking, a man hired to work on a farm is a farm laborer and is not within the compensation act, but if his employer should take a contract to clear the right of way for a railroad or public highway and should set his hired man at work on the job, would any one suppose that he was not protected by the act? A carpenter may become a farm laborer for the time being, as in the Foss case [State ex rel. Foss v. District Court, 145 Minn. 123, 176

N. W. 164] and conversely a farm laborer may become a carpenter for the time being. The workman's calling is not the test, but rather the nature of his work."

But relator vigorously contends that the employer was not engaged in farming; that maintaining this dairy herd was a necessary incident to carrying on the college according to the plan adopted of giving all students "proper living accommodations under proper supervision;" and that this includes furnishing good food such as milk, cream, and vegetables of one's own production. While the latter may be desirable for an institution having the plans and purposes of St. Mary's College, it cannot be said that the triers of fact must find that it was necessary to conduct a dairy farm to attain that object. A person may at the same time engage in two or more different occupations and businesses, the servants in one or more being covered by the act and those in one or more of the others being excluded. Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312; Durrin v. Meehl, 163 Minn. 325, 204 N. W. 22. So may an institution. It cannot be said that the industrial commission's finding that relator's decedent was a farm laborer was without support.

A case quite in point, showing that a concern which for convenience or, we might almost say, of necessity, carried on a farm in furtherance of its main business is not subject to the compensation act for an accidental injury to a servant engaged to care for the horses on its farm, is Shafer v. Parke, Davis & Co. 192 Mich. 577, 159 N. W. 304. In the annotation to Cook v. Massey, 38 Idaho, 264, 220 P. 1088, 35 A. L. R. 200, 208, may be found cases from other jurisdictions, under compensation acts, worded somewhat differently from our own, bearing on the question as to when a person working on a farm is covered by the act. We think none of these would support the conclusion that decedent here was not a farm laborer at the time he was injured.

The decision is affirmed.