ESTHER AUSTIN v. LEONARD, CROSSETT & RILEY, INC.
AND ANOTHER.[1]

May 24, 1929.

No. 27,357.

[1]Reported in 225 N. W. 428.

504

*J. F. Boyles,* for relators.

· *Ernest F. Jacobson,* for respondent.

OLSEN, C.

Certiorari to review an order of the industrial commission awarding compensation to Mrs. Roy Austin for the death of her husband, caused by accident.

Leonard, Crossett & Riley, Incorporated, referred to herein as the company, was engaged in the business of buying, selling, storing and shipping potatoes, and operated some 400 warehouses, located in many states, to carry on that business. As a part of such business it also leased a few tracts of land and planted and produced potatoes thereon, to be sold and shipped to its customers. One of its warehouses was located at Moorhead in this state. The decedent, Roy Austin, up to the time of his death, was regularly employed by the company in and about its business and warehouse at Moorhead, and had been so employed for about four years, with the exception of a period of some two or three months in one of the prior years. He resided with his family at Moorhead. He had no fixed hours of work. He was occasionally sent to do work at other warehouses and places. Some three weeks before the accident he was sent by the company out to a leased farm or tract of land in the vicinity of Moorhead to prepare it for and plant potatoes thereon. There were buildings on the land, and he took his family there to reside with him while so employed. He did not spend all of his time on the farm, but drove into Moorhead practically every day and worked in and about the warehouse during a part of the day. He also hauled seed potatoes by truck from the warehouse out to the farm. On the day before the accident he had been at the warehouse in Moorhead as usual and had returned to the farm in the evening. On the day of the accident, he started from the farm early in the morning, driving a truck and going towards Moorhead.

He was killed on the way upon a railroad crossing. Apparently he was going to Moorhead as usual to do some work at the warehouse or to obtain and haul seed potatoes out to the farm, or for both purposes. There is some suggestion that he may have been going to a nearer warehouse for seed potatoes, but no direct evidence thereof.

The industrial commission found that the accident in which Roy Austin was killed arose out of and in the course of his employment, and that he was then employed and engaged in an industrial and not a farming activity; in effect, that he was not a farm laborer.

█ Two questions are presented here: First, whether the accident arose out of and in the course of decedent's employment; second, whether he was a farm laborer and engaged in that work at the time of the accident. Both are questions of fact. The industrial commission finds the facts. If upon a fair consideration of the evidence and the inferences reasonably to be drawn therefrom the triers of the facts could reasonably find either way, we cannot disturb their findings. The inquiry here is whether the findings are supported by any evidence which would warrant reasonable men in coming to the same conclusion reached by the industrial commission. We are bound to sustain the findings unless they are clearly without support in the evidence. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678; Reardon v. City of Austin, 174 Minn. 359, 219 N. W. 292.

█ The question whether the accident arose out of and in the course of the employment is not difficult. The commission might well find that it was part of decedent's duties to travel back and forth between the farm and the warehouse at Moorhead in order to perform services at both places; that he was engaged in his employment while so doing; and that the accident arose out of and in the course of his employment. Cases fairly covering the situation are: State ex rel. Nelson-Spelliscy Imp. Co. v. District Court, 128 Minn. 221, 150 N. W. 623; State ex rel. McCarthy Bros. Co. v.

District Court, 141 Minn. 61, 169 N. W. 274; Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726; Wold v. Chevrolet Motor Co. 147 Minn. 17, 179 N. W. 219; Stansberry v. Monitor Stove Co. 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 516; Bookman v. Lyle C. & R. E Co. 153 Minn. 479, 190 N. W. 984; Reese v. National Surety Co 162 Minn. 493, 203 N. W. 442; Meyer v. Royalton Oil Co. 167 Minn 515, 208 N. W. 645; Giliotti v. Hoffman Catering Co. 246 N. Y. 279 158 N. E. 621, 56 A. L. R. 500; note to Colarullo·v. Woodland Golf Club, 51 A. L. R. 508, 514.

■ The question whether decedent was a farm laborer and engaged in that occupation at the time presents some difficulty. The evidence tends to show that he was not hired to do farming or as a farm laborer, but to work in and about the Moorhead warehouse. That is not decisive, for the rule followed in this and a number of other states is that it is the character of the work in which the employe is engaged at the time of the injury which is the test, whether the hiring was for that particular kind of work or not. Neither is the fact that the main activity of the employer is other than farming decisive. The nature of the work for which an employe is hired and the character of the main activity of the employer, with other facts and circumstances shown to exist, may however have more or less bearing upon the question presented.

Decedent was regularly carried on the payroll of the company as an employe in its warehouse business. The company was under the workmen's compensation law and carried insurance on its employes. Premiums were paid on the basis of the payroll, including decedent as such employe. Decedent was not injured on the farm or while performing any farm labor, unless driving on the road be held to be such labor. If, then, he was driving to Moorhead to work in the warehouse or if that was one of the purposes of his journey, it would not seem that he was at the time engaged exclusively in a farm activity or as a farm laborer. The workmen's compensation law is to be given a liberal but reasonable construction in favor of the workman. If at the time of the accident the workman is actually engaged in dual activities or occupations, one

of which is subject to compensation and the other not; there is no apparent reason why compensation should not be allowed.

Taking the evidence as a whole, although it is meager and somewhat incomplete, we conclude that there is evidence sufficient to justify the commission in finding that it was part of decedent's duties, as a part of his work in and about the warehouse, to travel back and forth between the warehouse and the farm, and that at the time of the accident he was on his way from the farm to the warehouse for the purpose, in part at least, of there performing services in the industrial activity there carried on. If so, he was entitled to compensation. The commission might well have found to the contrary, but we cannot say that their findings are clearly or manifestly contrary to or without support in the evidence.

In Greischar v. St. Mary's College, 176 Minn. 100, 222 N. W. 525, and in Shafer v. Parke, Davis & Co. 192 Mich. 577, 159 N. W. 304, followed in Bates v. Shaffer, 216 Mich. 689, 185 N. W. 779, the rule is stated that it is not the business in which the employer is mainly engaged but the character of the work which the employe is hired to perform which is the test of whether the employe is a farm laborer. In each of these cases the employe was hired to do farm work and was exclusively engaged in that occupation at the time of the accident.

In Klein v. McCleary, 154 Minn. 498, 192 N. W. 106, the employer owned two tracts of land, one of which he used for farming purposes and the other as a summer resort. The employe was hired to do work both on the farm tract and in and about the operation of the summer resort. He worked on both tracts and was injured while doing farm work on the summer resort tract. It was held in substance that the employer was engaged in dual activities, and that the industrial commission was justified in finding that while working on the summer resort tract in connection with the operation of that business the employe was engaged in an industrial or commercial enterprise and was not a farm laborer. In commenting on the cases of Miller & Lux, Inc. v. Industrial Acc. Comm. 7 A. L. R. 1291, 1296, and Uphoff v. Industrial Bd. 271 Ill. 312, 111 N. E. 128,

L. R. A. 1916E, 329, Ann. Cas. 1917D, 1, and cases cited in the notes thereto, this court said [154 Minn. 501]: "In all of them the work was primarily agricultural in its nature and was being done in the usual course of the business of farming."

In Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312, the employer was engaged principally in farming, but incidentally at times bought potatoes from others and stored and shipped them with his own. He was engaged in building a potato warehouse at the railway station near his farm. A finding by the commission that a carpenter employed in building the warehouse was not a farm laborer or engaged in a farming activity was sustained.

The case of O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636, is so different on the facts as to be of little aid here.

Durrin v. Meehl, 163 Minn. 325, 204 N. W. 22, is a case where a farmer occasionally operated a small sawmill in a town near-by. Findings that an employe working at this sawmill was not a farm laborer were sustained.

Cases such as C. C. Slaughter Cattle Co. v. Pastrana (Tex. Civ. App.) 217 S. W. 749, and George v. Industrial Acc. Comm. 178 Cal., 733, 174 P. 653, illustrate the rule that where the employer is engaged in dual activities, one being farming or horticulture, an employe while engaged solely in such activity is not within the compensation law.

In Massachusetts the court has ruled that an employer is not permitted to come under the act as to one branch of his business and remain without as to the other. In re Cox, 225 Mass. 220, 114 N. E. 281.

The order of the industrial commission is affirmed.