## JULIUS PETERSON v. FARMERS STATE BANK OF EYOTA AND ANOTHER.[1]

March 28, 1930.

No. 27,853.

*Ernest E. Watson,* for relators.
*O. B. Strand,* for respondent.

STONE, J.

Certiorari to the industrial commission to review an award of compensation to an injured employe of Farmers State Bank of Eyota.

Julius Peterson, the employe, is by trade a carpenter. As such he was employed by the bank to repair the buildings on a farm owned by it and while so engaged sustained the accidental injury for which compensation is sought. It is not seriously disputed that the employment was properly considered "in the usual course of the

[1]Reported in 230 N. W. 124.

trade, business, profession or occupation" of the employer within the workmen's compensation act. G. S. 1923 (1 Mason, 1927) § 4268. The bank had acquired several farms through foreclosure and also some city property on which there were buildings which in the interests of the bank had to be kept in repair. The buildings on the farm where Peterson was injured had to be put into condition to meet the requirements of the tenant, a cash renter. Peterson was employed for that purpose. The real target of this appeal is the finding of the industrial commission that the employe at the time of his injury was not a farm laborer, such laborers having no protection under the workmen's compensation act.

A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employe of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self-binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employe of a well digger become a farm laborer while stabling horses used on the drilling outfit. But a farmer's hired man would not cease to be a farm laborer while adjusting harvesting machinery or stabling the horses of a contractor drilling a well on the place. The modern farm laborer doubtless does much work on the rapidly increasing electrical equipment on farms. He continues a farm laborer while he does it. But an electrician sent out from town to do the same thing would not become a farm laborer for the occasion. So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one.

Inasmuch as farm laborers are not subject to the compensation law and most others are, two men, for example a farm laborer and the expert mechanic employed by the implement dealer, may be engaged on the same task and be injured, both of them, by the same accident, and yet only one be entitled to workmen's compensation.

Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer. That is what is meant by the statement that it is "the character of the work which the employe is hired to perform which is the test of whether the employe is a farm laborer." Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 507, 225 N. W. 428, 429. It is so clear that in this case the injured employe at the time of his injury was employed as a carpenter and doing the work of one that the decision that he was not a farm laborer is right as a matter of law.

For relators, the cases most stressed are State ex rel. Lennon v. District Court, 138 Minn. 103, 164 N. W. 366; State ex rel. Bykle v. District Court, 140 Minn. 398, 168 N. W. 130, L. R. A. 1918F, 198; State ex rel. Foss v. Nelson, 145 Minn. 123, 176 N. W. 164; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106, 107; Shafer v. Parke, Davis & Co. 192 Mich. 577, 159 N. W. 304, 305.

The decision in the Bykle case, 140 Minn. 398, 168 N. W. 130, L. R. A. 1918F, 198, was that the employe of a thresherman while engaged about the threshing machine in the course of threshing grain on a farm was a farm laborer. "The nature of the work" was considered decisive. (Since that decision the statute has been amended so as to include employes of commercial threshermen. G. S. 1923 [1 Mason, 1927] § 4326(m).) That the injured man "was not in the employ of the owner of the farm" was not controlling. So also in the instant case the employe was not prevented from being a farm laborer simply because his employer was a bank and not a farmer. Conversely, the man would not have been converted from carpenter into farm laborer if he had been employed by the farmer himself. In the latter case however there would have been no liability because the statute excludes any employment "casual, and not in the usual course of the trade, business, profession or occupation" of the employer.

In the Lennon [138 Minn. 103, 164 N. W. 366] and Foss [145 Minn. 123, 176 N. W. 164] cases, the decision was not that the work as such was not within the act nor yet that the employe himself

was not covered, but rather and only that the employment itself was casual and not within the usual course of the business or occupation of the employer. That was the ground of the decision in each case that the injured men, carpenters employed in the erection or repair of farm buildings, were not entitled to compensation.

In Klein v. McCleary, 154 Minn. 498, 501, 192 N. W. 106, it is said that "the workman's calling is not the test, but rather the nature of his work." The work there involved was stump pulling, a job not at all foreign to farm laborers in timbered or cut-over regions. But upon looking to the whole character of the employment it was found that "Klein was not working for a farmer or in the usual course of the business of farmers" but rather that he was employed by "the keeper of a summer resort * * * in the course of the business of maintaining the resort and improving the grounds where it was conducted." So the statement that not the workman's calling "but rather the nature of his work" is the test, when construed with its context, means that neither the calling nor the job in hand at the moment of injury will determine the question but that, as we have already stated, the whole character of the employment must be looked to.

There is nothing in Shafer v. Parke, Davis & Co. 192 Mich. 577, 581, 159 N. W. 304, in disagreement with our present conclusion or the reasons for it. As there said, notwithstanding that an employer is not in its principal occupation a farmer, yet any man employed by it "to work on a farm, and to perform the work ordinarily done there, is a farm laborer." That is precisely what we held in Greischar v. St. Mary's College, 176 Minn. 100, 222 N. W. 525. Plainly the employe in the instant case is not within the reach of that proposition. Literally, he was employed to work on a farm. But he was not employed "to perform the work ordinarily done there." He was no more a farm laborer while plying his special trade on the farm than would have been a garage mechanic specially employed to repair or adjust the farm tractor.

It is characteristic of the workmen's compensation acts that in one way or another, the phraseology not always being the same, their protection is denied to farm laborers. Why that is done is

no concern of the courts. The decisions on the subject are collected and reviewed in the annotations appearing in 7 A. L. R. 1296; 13 A. L. R. 955; 35 A. L. R. 208; 43 A. L. R. 954.

The order awarding compensation must be affirmed with an allowance to the respondent of $100 for attorney's fees in this court.

So ordered.