## JOSEPH SCHROEPFER, JR. v. WILBUR HUDSON AND ANOTHER.[1]

December 31, 1942.

No. 33,299.

*Maugridge S. Robb,* for relators.

*Streissguth & Gislason,* for respondent.

PETERSON, JUSTICE.

*Certiorari* to review a decision awarding the employe workmen's compensation for the loss of an eye.

[1]Reported in 7 N. W. (2d) 336.

The employer operated a farm near Comfrey on which he lived. He was engaged both in farming and building contracting. The building contracting business consisted mainly of constructing buildings for farmers in the vicinity.

The employe, who was raised on a farm, had worked as a carpenter's helper. On March 12, 1941, he commenced work for the employer. During the first week he did carpentry work building chicken brooders at Sleepy Eye. Then he was engaged picking corn for a week. For two days he helped with the moving of the barn of one Fisher. He did not work the next day. On April 4 he assisted the employer in moving a hog house to the farm of a neighbor who had purchased it. This work consumed most of the day. At about 3:30 o'clock in the afternoon the employe started work on tearing down a wire fence around a pasture for the purpose of making the pasture part of the employer's adjacent fields under plow. Removing the wire was done with a hammer and pair of pincers. While engaged in removing the wire, a piece of metal thought to be a part of a staple which held the wire to a post got into employe's eye, causing the loss of it.

The real dispute relates to the nature of the employment. The employe claims that he was employed as a carpenter. The employer claims that he employed him in the dual capacity of carpenter and farm laborer. On this point the evidence is in conflict. For the employe, there is testimony that the employer definitely hired him as a carpenter, not as a farm laborer; that the agreed compensation was 35 cents per hour; and that the employe should pay for his own meals and lodging. The employer's testimony is that the employe asked for work as a carpenter and that he told the employe that "between the building and the farm I could keep him working steady."

There are some other incidents which occurred both prior to and subsequent to the accidental injury which shed some light on the question in dispute. The employer carried workmen's compensation insurance which, for lack of a clause covering his farm

laborers, covered only those employed in his building operations. The premiums for the insurance were computed upon the basis of his payroll, in which the employer intended to include the employe's wages. The employer paid social security taxes on the employe's wages. He also filed a report of the accident in which he stated that the employe was employed as a carpenter and admitted liability under the compensation act. While he was in the hospital for treatment of his injuries, the employe gave a written statement that he was hired both for the building and the farm work.

An award of compensation was made upon a finding that the employe was employed as a carpenter.

The employer's contention is that the employe was excluded from the workmen's compensation act upon the ground that at the time of the accidental injury he was engaged in doing work in his capacity as a farm laborer. In support of the contention that the employe at such time was a farm laborer, he urges that the evidence conclusively shows that the employe was hired to render service in both of the employer's businesses, as a farm laborer in connection with his farming operations and as a carpenter in connection with his building contracting business, and that at the time of injury the employe was engaged in doing work as a farm laborer in connection with his farming operation. He contends that the employment was dual in nature and, as he stated it upon the argument, "swinging" from one employment to the other.

■ A person may engage in different kinds of business, some of which are within the workmen's compensation act and some of which are not. The employes who are employed in business within the act are, in virtue of such employment, within the coverage of the act. By the same token, those who are employed in a business not within the act are not covered. Hebranson v. Fairmont Creamery, 187 Minn. 260, 245 N. W. 138; Greischar v. St. Mary's College, 176 Minn. 100, 222 N. W. 525. Whether a given employment by a person engaged in different kinds of business is of a

kind which is within or outside the act is a fact question. Where the evidence is in conflict, findings of fact by the commission reasonably supported by the evidence are conclusive on review. Hill v. Umbehocker, 201 Minn. 569, 277 N. W. 9. Here the evidence amply sustains the finding that the employe's employment was that of a carpenter in the employer's building contracting business. The finding that the employment was the single one of a carpenter in the employer's building contracting business, in the face of the employer's contention that the employment was dual in nature as a carpenter and as a farm laborer, is equivalent to a finding in the negative as to the dual nature of the employment. Hence we are bound to treat the employe's employment as the single one of a carpenter in the employer's building contracting business.

■ There are some kinds of work performed upon a farm which in the ordinary course of things might be performed by either a mechanic employed in an occupation or trade within the act or by a farm laborer as part of the work ordinarily done about a farm. Peterson v. Farmers State Bank, 180 Minn. 40, 230 N. W. 124; 1 Schneider, Workmen's Compensation Law, §§ 31 and 32. Hypothetical assumption that tearing down the fence might be performed by a farm laborer as part of his ordinary work is not decisive that the employe was a farm laborer at the time of his injury.

Whether an employe is a farm laborer so as not to be covered by the workmen's compensation act, Minn. St. 1941, § 176.05 (Mason St. 1940 Supp. § 4272-4), is determined by the whole character of the employment. Partridge v. Blackbird, 213 Minn. 228, 6 N. W. (2d) 250. Neither the particular work being done at the time of injury nor the place of its performance is determinative. "A workman is not a farm laborer simply because at the moment he is doing work on a farm." Oberg v. DuBeau, 202 Minn. 476, 279 N. W. 221.

In Peterson v. Farmers State Bank, 180 Minn. 40, 41, 230 N. W. 124, *supra,* a carpenter employed to repair buildings owned by a

bank was injured while doing work repairing buildings on a farm owned by it. Sustaining an award of compensation, we said:

"So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one."

Our conclusion is that the evidence sustains the finding that the employe was employed as a carpenter in connection with the employer's building contracting business, and not, as the employer claims, in a dual capacity as a carpenter and as a farm laborer; that as such employe he was covered by the workmen's compensation act; and that he was entitled to recover workmen's compensation.

The employe is allowed $100 attorneys' fees in this court in addition to his costs and disbursements.

Writ quashed and order affirmed.

Mr. Justice Streissguth took no part in the consideration or decision of this case.