William H. VANDEVENTER, Employee (Claimant), Respondent,

v.

George N. MELSON, Jr., d/b/a Melson's Service Station, Employer, Employers Mutual Casualty Company, Insurer (Defendants), Appellants.

No. 30273.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1959.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 12, 1960.

Jerome W. Seigfreid, Edwards, Wright & Seigfreid, Mexico, for appellants.

Latney Barnes, Barnes & Barnes, Mexico, for respondent.

ANDERSON, Judge.

This is a proceeding under the Workmen's Compensation Law. (Sections 287.-010–287.800 RSMo 1949, V.A.M.S.) Claimant-respondent is William H. Vandeventer. The appellants are George N. Melson, Jr., and his insurance carrier, Employers Mutual Casualty Company, a corporation. Claimant's general employment at the time he was injured was that of a service station attendant at a service station owned and operated by appellant Melson. When injured, claimant was working on a farm operated by Melson. The referee found that at the time claimant was injured he was engaged in strictly farming operations and, since his employer had not filed an election to come within the Compensation Act, compensation was denied. A like result was had on review by the full Commission. The Circuit Court reversed. This appeal followed.

At the hearing, it was admitted that George N. Melson, Jr., d/b/a Melson's Service Station, was an employer operating under the provisions of the Workmen's Compensation Law, and that his liability under said act was fully insured by Employers Mutual Casualty Company. It was further admitted that the employer had notice of the injury, and that a claim for compensation was filed within the time prescribed by law. It was likewise agreed that the compensation rate applicable, if there was liability under the act, would be $30 per week, and that no compensation or medical aid had been furnished by the employer or insurer.

The sole question on this appeal is whether claimant was covered by the provisions of the act at the time he was injured.

Mr. Melson had commenced the operation of the service station in Mexico, Missouri, on December 1, 1945. At that time he was a minor employer, having less than ten persons in his employ. On September 10, 1953, he elected to come under the provisions of the Workmen's Compensation Law. In the form filed with the Division of Workmen's Compensation pursuant to that election he stated that his business was that of "Service Station," and that the nature of the work of his employees was "servicing, greasing and washing automobiles." Proper notices of this election

were posted on the premises, and it was stipulated at the hearing that the employer's election to come under the provisions of the act was in effect at the time of the accident in question.

Claimant was first employed by Melson in 1953. During that year he worked for a period of eight or nine months. He then quit, but was re-employed in the spring of 1954. During both employments his duties were to perform all the usual services performed at service stations, such as servicing automobiles, repairing tires, greasing and washing cars.

Mr. Melson owned a farm consisting of 190 acres which was some two or three miles north of Mexico. In addition, he had leased a parcel of land of about 50 acres which was situated near his farm. He lived on the farm and, although he did not consider himself in the farming business, he sold soybeans and livestock raised on the farm.

During the period of claimant's employment Mr. Melson would ask claimant to do small jobs away from the filling station. He was asked to do jobs out on the farm, at the home of Mr. Melson's father, or for one of Mr. Melson's neighbors. On one occasion he spent about 30 minutes in going to the farm to pick up two bales of straw which he brought to Mexico and spread on the garden of Mr. Melson's mother. On another occasion he spent an hour cleaning out the furnace at Mr. Melson's farm home. He had helped Mrs. Melson move furniture; had mowed the grass around the country school, of which Mr. Melson was a director; had mowed Mr. Melson's lawn; had gone to the farm to feed hogs; returned cattle that had gotten out through a fence; had picked corn on portions of one or two days; and on other occasions had plowed, planted and hauled water. All this was done at Melson's direction. Claimant testified that: "Whatever he told me to do, I would do it." During the period of employment claimant would go to Mr. Melson's farm

sometimes four or five days in a row for two or three hours a day, and sometimes he would not go there for three or four weeks, depending upon how the business was at the service station. When sent to the farm he did farm work, such as feeding livestock and harvesting crops. Claimant gave the following testimony:

"Q. At times would you go out and spend an entire day at the farm? A. Once in a while, not very often.

"Q. Now what kind of work did you normally do when you went to the farm? A. Whatever he told me to do.

"Q. Well, what kind of work did he normally tell you to do? A. Well, general farm work—whatever it might be. It might be to go out and feed the hogs; and it might be to go out and get some cattle that had gotten out; and it might be to go out and take some corn; it might be to plow; it might be to plant corn; or haul water; anything there was to do on the farm. Whatever he told me to do I would do it.

"Q. Before the accident, lets say a month before the accident, had you made a number of trips to the farm? A. I would say a few.

"Q. What did you do while you were out on the farm during those few months? A. I don't remember that.

"Q. Had you been picking corn? A. I had picked corn one or two portions of a day.

"Q. Before the accident? A. Yes, sir."

Claimant further testified that during the months of October, November and December, 1954, he spent not more than one per cent of his time on tasks which Mr. Melson directed him to do away from the service station. On cross-examination he

stated he could not remember exactly how often he went to the farm during those months but knew it was seldom. Claimant stated that during the summer months he had gone to the farm more frequently than during the last two months prior to the accident.

Claimant testified he was employed at a weekly wage and that his pay continued while he was working on the farm. Mr. Melson testified that he usually paid his men through the cash register at the service station, and that the payments were recorded on a tape.

On December 10, 1954, Mr. Melson directed the claimant to go to the farm to pick corn with a corn picker. Claimant left for the farm right after lunch and arrived there sometime after one o'clock. He connected the corn picker to a tractor and warmed it up. At about two o'clock, just as claimant was ready to start work, he noticed that an adjustment of some part of the picker was necessary. While attempting to make this adjustment the glove on claimant's left hand was caught in the shucking rollers and his left hand was pulled into the rollers. The second or middle finger of his left hand was amputated at the distal end of the first phalanx by the shucking rollers, and the index finger injured. The index finger was rendered stiff, crooked, and generally useless.

Appellant contends that the trial court erred in reversing the award of the Industrial Commission for the reason that the evidence shows, as a matter of law, that Vandeventer was at the time of his injury employed in farm labor and, consequently, by the terms of Section 287.090 RSMo 1949, V.A.M.S., excluded from the beneficial coverage of the Workmen's Compensation Law. Respondent contends that the case was properly ruled below and, in support of this contention, it is urged that whether claimant was or was not covered by the act, at the time in question, is to be determined from the character of the work he was hired to do, and not from the nature of the work being performed at the time of injury. From this it is urged that, since Vandeventer was hired as a filling station attendant, the mere fact that he was at the time of the injury performing acts of farm labor would not preclude him from recovering benefits under the act. This was the view taken by the trial court, as indicated in a memorandum filed in the case at the time of the rendition of the judgment below.

The pertinent portions of Section 287.-090 RSMo 1949, V.A.M.S., read as follows:

"287.090. * * * Sections 287.-050 to 287.080 and 287.120 of this chapter shall not apply to any of the following employments: * * * (2) Employments of farm labor and domestic servants including family chauffeurs;"

■ The authorities of this state and elsewhere recognized the fact that an employee may work in a dual capacity and be covered by the act when engaged in one capacity and excluded when engaged in another, such as farm work, depending upon the nature of the work being performed at the time of injury. Plemmons v. Pevely Dairy Co., Mo.App., 233 S.W.2d 426; Blew v. Conner, Mo.App., 310 S.W.2d 294; Blew v. Conner, Mo.Sup., 328 S.W.2d 626; McCaleb v. Greer, 241 Mo.App. 736, 267 S.W.2d 54; Peterson v. Farmer's State Bank, 180 Minn. 40, 230 N.W. 124; Kramer v. Industrial Accident Comm. of State of California, 31 Cal.App. 673, 161 P. 278; Ginn v. Forest Nursery Co., 165 Tenn. 9, 52 S.W.2d 141. The nature of the work must be determined from the whole character of the work he was required to perform and not simply from a consideration of the particular work he was performing at the time of the injury, nor the place where such work was being performed. Peterson v. Farmer's State Bank, supra; Blew v. Conner, Mo.Sup., supra; Blew v. Conner, Mo.App., supra. Nor is the sole test the

**160**

general nature and scope of the employer's business. Plemmons v. Pevely Dairy Co., supra; Blew v. Conner, Mo.Sup., supra; Blew v. Conner, Mo.App., supra.

■ It is also firmly established that a workman is not a farm laborer simply because the work he is doing at the moment is an incident of farm labor, if such work is a part of his principal employment which is not farm labor. Blew v. Conner, Mo. Sup., supra; Blew v. Conner, Mo.App., supra; Heffner v. White, 113 Ind.App. 296, 45 N.E.2d 342; Hiestand v. Ristau, 135 Neb. 881, 284 N.W. 756; Peterson v. Farmer's State Bank, supra; Schroepfer v. Hudson, 214 Minn. 17, 7 N.W.2d 336. But if the task he is performing is not a duty imposed upon him by his employer in the prosecution of the business for which he was employed, but is purely agricultural in nature, then he must be held to be a farm laborer. Plemmons v. Pevely Dairy Co., supra; McCaleb v. Greer, supra; Evansville Veneer & Lumber Co. v. Mullen, 116 Ind.App. 616, 65 N.E.2d 742; Campos v. Garden City Co., 166 Kan. 352, 201 P.2d 1017; Kramer v. Industrial Accident Comm. of State of California, 31 Cal.App. 673, 161 P. 278; Ginn v. Forest Nursery Co., 165 Tenn. 9, 52 S.W.2d 141.

■ In the case at bar claimant's principal employment was that of a service station attendant. In addition, he was required from time to time to perform acts of farm labor. He was thus employed in a dual capacity, and whether he was or was not a farm laborer when performing any particular work must be determined from a consideration of his whole employment and the nature of the work being performed at the time of injury. Since his principal employment was that of a service station attendant he would be covered by the Compensation Act if injured while performing duties as such—whether those duties were performed on the premises of the service station or elsewhere, and even though such duties might also be considered as incident of farm labor. Thus, if he

were sent to a farm to change the tires on a farm tractor he would not be considered as engaging in farm labor, even though such work is frequently done by farm laborers. Such work would be an incident of his employment as a service station attendant. But, by the same token, if he were sent to the farm to plow the fields, cultivate the corn, or harvest the corn crop, he would be a farm laborer, for such work is not incident to service station work but is purely agricultural in nature.

In our judgment, claimant, at the time of his injury, was employed in farm labor.

The judgment is reversed and the cause remanded with directions to the trial court to enter a judgment affirming the award of the Industrial Commission.

WOLFE, P. J., and RUDDY, J., concur.