Dills *v.* Tennessee Nursery Co.

(*Knoxville, September Term,* 1948.)

Opinion filed March 11, 1949.

H. D. KERR & W. F. FINNELL, of Cleveland, and ERMA G. GREENWOOD and R. R. KRAMER, both of Knoxville, for plaintiff in error.

GEORGE E. WESTERBERG, of Cleveland, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Plaintiff in error is the widow of Felman Dills who was accidentally killed while performing services for his employer, Tennessee Nursery Company, defendant in error here. She has appealed from the action of the Circuit Court in dismissing her petition for compensation under our Workmen's Compensation Law and assigns as error the holding of the Circuit Judge that (1) the case does not come within the Workmen's Compensation Act because of Code, Section 6856 exempting from its provisions "farm or agricultural laborers and employers thereof"; and (2) in holding that the injury and resulting death of the employee was due to his intoxication and, consequently, not compensable, Code, Section 6861.

Tennessee Nursery Company is engaged in the growing of fruit trees, mostly peach, small fruits, shrubs, etc. on its five hundred acre farm. It likewise procures the growing of some nursery stock by contracts with other farm owners. It furnishes these owners the seed and fertilizer and the owners cultivate the growing trees, but agree that if they fail to do this the Tennessee Nursery Company may come on the land and cultivate the crop. When these trees grow to a size ready for market they are taken possession of by Tennessee Nursery Company,

which pays the owners of the lands upon which the trees were grown so much per tree. This arrangement amounts to the planting and cultivation of the crop by Tennessee Nursery Company by contract upon the lands of others, as distinguished from a purchase on the market of the argicultural product grown. It sells these fruit trees, etc. grown on its farm and the farms of other such owners to the public, and receives orders from approximately forty-four states. Shipments are made by parcel post, freight or express, according to the size and nature of the order.

These products are prepared for shipment to the purchasers in what the Tennessee Nursery Company calls its packing plant in the basement of a building in the town of Cleveland about two and one-half miles from the five hundred acre farm. Delivery to the post office, freight office or express office for shipment to the purchaser is from this packing plant.

Deceased was first employed by defendant in error in 1944 as a share cropper on this farm and since lived there until his death. He had a corn crop, etc. But in 1945 his only crop was hay, some potatoes and a garden. He worked for the nursery when he wasn't busy in his crops. In so working, he planted trees during the growing season, "dug them up", "cultivated between the rows" and "planted seed, layed off the rows and cultivated them". Also, "he dug and baled and got stuff ready for shipment and hauled to the freight office", and did just "anything that needed to be done." He was paid thirty-five cents per hour.

Deceased owned a truck and had an agreement with the nursery that when he used his truck in delivering the trees, etc. from the farm to the packing plant or from the packing plant to place for shipment, he would be

paid fifty cents per trip for the use of the truck. For the six weeks preceding his injury he had used this truck on a number of such trips each week.

On December 12, 1945 the foreman of the Tennessee Nursery Company directed Dills to take some trash from the packing plant to the farm in its truck and to bury an animal that had died on this farm. After the truck reached the field it became disabled and could not be moved by its own power. He reported this to the foreman who directed Dills and another employee in the afternoon of that day to take Dills' truck and get the one which was disabled. More difficulties were encountered, but finally a large army ambulance truck of the nursery pulled the disabled truck out to the highway. It was then attached by a cable to the ambulance, and Dills' job was to guide it as it was being towed to Cleveland. When the disabled truck reached a bridge which the ambulance had cleared, it, the disabled truck, was not steered through the bridge but struck its banister and turned over. As a result of this accident Dills received injuries from which he died within a few hours.

It is insisted by the widow that whether the Tennessee Nursery Company was engaged in an agricultural pursuit was immaterial because the duties which the deceased "was required to perform were not those of an agricultural laborer". It is further said in support of this insistence that the delivery by trucks of these plants from a packing room located in town to point of shipment to customers in various states "is wholly disconnected from a farming or agricultural operation"; that, therefore, Tennessee Nursery Company does not come within Code, Section 6856(c), providing that the Workmen's Compensation Act "shall not apply to . . . farm or agricultural laborers and employers thereof".

The question thus presented seems to have been conclusively determined contrary to the insistence of Mrs. Dills in our case of *Ginn* v. *Forest Nursery Co.*, 165 Tenn. page 9, 52 S. W. (2d) 141. In that case the nursery grew shrubs and evergreens and shade trees for sale on its two farms. The one in town was equipped with a ''packing barn''. The duties of the injured employee are described as ''working in the bushes, trees, and shrubs, spading them, taking them up, packing them with heavy balls of dirt around their roots, and assisting in trucking the products packed for shipment, to the local railroad depot. He concluded his description by saying that he did 'just any kind of work there was to do down there.' ''

In the *Ginn* v. *Forest Nursery Co. Case, supra,* the employee, Ginn, was injured while spading dirt while in this case Dills was injured while towing back a disabled truck which had been sent with trash to the farm, and for the purpose of having Dills bury a dead animal there. However, as said in the *Ginn* v. *Forest Nursery Company* ''Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to, to determine whether he is a farm laborer''. Then the Court held: ''The employment of the plaintiff in error in the case before us required him to till the soil, to tend growing plants, shrubs, and young trees, to prepare them for market, and to deliver them to a shipping point. . . . The labor performed by plaintiff in error and contemplated by his employment was agricultural in the literal sense and meaning of the word, and we think we would not be justified in holding that he was not a 'farm or agricultural laborer.' ''

There is no appreciable distinction to be drawn between the instant case and that of *Ginn* v. *Forest Nursery*

*Company, supra.* The services rendered by Dills in the instant case and those rendered by Ginn in the *Forest Nursery Company Case* were practically identical, except that the agricultural work of Dills was more diversified in that he attended corn and hay crops, as well as nursery plants. Otherwise, the services of both were performed in the growing and sale of identical products, trees, shrubs and other plants of like nature. Since it was held in the *Forest Nursery Company Case* that Ginn's employment was agricultural within the meaning of our Workmen's Compensation Law, it seems to follow that the same conclusion must be reached as to Dills' employment by the Tennessee Nursery Company.

■ As in the instant case, so in the *Forest Nursery Company Case,* it was insisted that the delivery of the trees, shrubs, etc. from a packing room to a point of shipment in various states is wholly disconnected from a farming or agricultural operation. The Court responded with the statement that the delivery of trees and shrubs grown on the farm to point of shipment is no different from "the delivery of a bale of cotton from farm to shipping point", that such deliveries in each case "are all ordinary incidents of farm labor" with no difference in "hazard or remuneration". As accurately stated in the Pennsylvania case of *Bucher* v. *American Fruit Growers Company,* 107 Pa. Super. 399, 163 A. 33, 35; 107 A. L. R. 979, "the storage and marketing of the crop raised, whether it be fruit or grain, is just as much the work of agriculture as is the planting and cultivation thereof".

■ The holding in *Ginn* v. *Forest Nursery Company, supra,* appears to be sound on principle and, insofar as we have been able to find, is in accord with the weight of authority. Under the authority of that case we are

compelled to hold that Dills was a farm or agricultural laborer within the meaning of our Workmen's Compensation Law, and hence that his widow is not entitled to compensation by virtue of that law.

Since our holding just stated is conclusive of the case, it is unnecessary to consider petitioner's insistence upon the question of intoxication.

Affirmed with costs adjudged against petitioner.

All concur.