BRADLEY, Judge.
Alside Supply Company, New Orleans, Division of Alside, Inc., A Corporation (hereinafter referred to as “Alside”) appeals from a summary judgment granted to John and Jaana Meeks. We reverse.
John Meeks is fifty-one years old. He is retired from the Air Force and receives a monthly retirement check of $456.00. This income is supplemented by bidding for home improvement jobs and then selling the contracts to local builders.
In August 1976 Mr. Meeks became indebted to Alside and a judgment was secured against him in August 1978. Alside has not received any payments from the debtor, John Meeks. In January 1978 Mr. Meeks transferred to his wife his one-half undivided interest in the jointly owned house and lot. This transfer occurred prior to the rendition of judgment in favor of Alside but after demand had been made on Mr. Meeks by Alside for payment of his indebtedness. It was this transaction which Alside sought to have set aside in the trial court. The court denied Alside’s motion for summary judgment but granted one in favor of the appellees. In its order the court found that John Meeks’ interest in the homestead was less than $2,000.00, thus exempt from creditors, and that the conveyance could not be set aside.
The dispositive issue in this appeal is whether' the trial court correctly awarded summary judgment for appellees.
Summary judgment is never proper if there is any evidence in support of the party opposing the motion. The presence of a scintilla of evidence favoring the party against whom the motion is sought requires that the motion be denied. Moreover, all reasonable doubts about the existence of a genuine issue of fact must be resolved against the party seeking the motion. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976); Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975).
The trial court held that the property conveyed by defendant, John Meeks, to his wife, and which conveyance appellant sought to have set aside as fraudulent, was Mr. Meeks’ homestead and was valued at less than $2,000.00; hence there was no genuine issue of fact as to Meeks’ defense of the action to set aside the conveyance.
Section 6 — 10—2, Code of Alabama 1975, provides:
*912 The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $2,000.00 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy .
Thus, if Mr. Meeks’ interest in the homestead is less than $2,000.00, the creditor could not levy on the house and lot nor could it question the conveyance to the wife.
The evidence shows that the trial court appointed an appraiser who valued the property at approximately $42,000. The ap-pellees testified the property was worth $37,500. The mortgage amount was about $36,000.
Appellant says that the trial record does not reflect the computation procedure used by the court in arriving at its decision but that if the court followed the formula adopted in Barber v. Beckett, 251 Ala. 569, 39 So.2d 17 (1949), error infected its ruling. Appellant says that Barber directs that the amount of the encumbrance be deducted from the value of the homestead and if the remaining amount exceeds $2,000.00 the homestead is not exempt to levy and execution to satisfy outstanding debts. Based on the rationale of Barber, appellant says if the court subtracted $36,000.00, the amount of the mortgage indebtedness, from $42,-000.00, the appraised value of the homestead, the result is an equity of $6,000.00. Mr. Meeks’ one-half interest in the property would be $3,000.00. The value of his interest in the homestead being more than $2,000.00, his interest in the property would be subject to levy and execution for the judgment held by appellant. This calculation is, of course, assuming that the correct value of the property is $42,000.00.
Appellees reply that this is not the correct way to compute Mr. Meeks’ interest in the homestead. They say that Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94 (1924) describes the correct computation procedure for arriving at the interest of a person in real property for homestead exemption purposes. Appellees say Brock directs that the amount of the encumbrance be deducted from the value of the person’s interest in the property to obtain a figure that will be more or less than the $2,000.00 exemption. Assuming again for a moment that the property is valued at $42,000.00, under this formula the mortgage of $36,000.00 would be deducted from Mr. Meeks’ one-half interest in the property which would be $21,-000.00. It is obvious that use of this formula would result in Mr. Meeks’ interest in the homestead having no value; therefore the property could not be subject to levy and execution and the conveyance would not be set aside.
In Brock the interest in the property sought to be charged was a fee, i. e. the entire interest in the property was owned by one person, whereas in the case at bar the property is jointly owned.
We can conceive of no real difference between the rationale of Brock or Barber ; we think that both cases require that the amount of the indebtedness be subtracted from the value of the homestead to arrive at a figure representing the value of the owners’ interest. Applying this formula to the facts in the case at bar, we get an equitable interest of the joint owners of $6,000.00, i. e., $42,000.00 less $36,000.00 equals $6,000.00. This would mean that Mr. Meeks’ interest would be valued at $3,000.00. Thus, his homestead interest would not be exempt. However, this conclusion is based on a homestead value of $42,000.00, the figure brought in by the court appointed appraiser. There was evidence in the record, given by the owners, that the property was worth only $37,-500.00. Should this figure be used, the equity would be only $1,500.00, and Mr. Meeks’ interest would be $750.00, considerably less than the $2,000.00 exemption. Thus the property would not be subject to levy and execution.
*913 Obviously, whether Mr. Meeks’ interest in the homestead is less than $2,000.00 or more than $2,000.00 depends on the value of the property, i. e. whether it is $42,000.00 or $37,500.00 or some figure in between. Under these circumstances it is clear that a material fact is in issue; therefore summary judgment would not be appropriate. The summary judgment is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.