HOLMES, Judge.
This is a workmen’s compensation case.
The employee appeals from a judgment granting employer’s motion for summary judgment, A.R.Civ.P. 56.
The issue on appeal is whether there was a genuine issue of a material fact thereby prohibiting summary judgment. We find that there was a genuine issue of material fact and the learned trial judge erred in granting summary judgment.
At the outset, we note the employer, through able counsel, contends that our standard of review should be limited to a determination of whether there is any evi *1097 dence to support the trial court’s finding; that is the common standard of review for workmen’s compensation cases reviewed on writ of certiorari. Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109 (Ala.Civ.App.1982). However, the proper, in this instance, standard of review is that under which summary judgments are decided, to wit, is there a genuine issue of material fact? See Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price, 366 So.2d 725 (Ala.Civ.App.1978), cert. denied, 366 So.2d 728 (Ala.1979); Sager v. Royce Kershaw Co., Inc., 359 So.2d 398 (Ala.Civ.App.1978). If there is a scintilla of evidence supporting the nonmoving party, summary judgment is inappropriate. Alside Supply Co. v. Meeks, 380 So.2d 910 (Ala.Civ.App.1980).
Viewed with the above in mind, the record reveals the following:
In August 1982, Patrick (employee) was employed by Miller’s Nursery (employer). The employee was injured during the course of his job changing a flat tire. The employee then filed a workmen’s compensation complaint against the employer.
The employer moved for summary judgment on the grounds that the employee was a “farm laborer” at the time of his injury and as such is exempted from workmen’s compensation coverage by Ala.Code § 25-5-50 (1975). The employer submitted an affidavit stating that the employee’s job functions consisted of planting, growing, harvesting, etc., of the nursery stock, as well as driving various vehicles associated with the business. The employee submitted an affidavit in opposition to the employer’s motion that, in effect, denied that he was employed as a “farm laborer.” The employee stated that his job functions were driving trucks and front-end loaders and some mechanic work. The employee specifically stated that he had no part in the planting, growing, maintaining, or harvesting of the nursery stock.
After considering the pleadings and affidavits, the trial court granted the employer’s motion for summary judgment and dismissed the case. The employee now appeals.
As mentioned earlier, our standard of review is whether, after considering the pleadings and affidavits before the court, there remains any genuine issue of material fact. If so, summary judgment is improper. Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price, 366 So.2d 725 (Ala.Civ.App.1978), cert. denied, 366 So.2d 728 (Ala.1979).
Although this appears to be a question of first impression in Alabama, it is generally recognized that the exemption of farm labor from workmen’s compensation coverage is construed according to the character of the work regularly performed by the employee, not according to the nature of the employer’s business. See 1C A. Larson, The Law of Workmen’s Compensation § 53.00 (1982). In other words, it is the nature of the work the employee does that determines whether he is a “farm laborer” for purposes of Ala.Code § 25-5-50 (1975). Therefore, generally speaking, the employer’s business can be agricultural in nature, but if the employee’s work is nonag-ricultural or significantly disassociated from the normal routine of running a farm, the farm laborer exemption will not apply. On the other hand, if the specific employee’s work is nonagricultural, but is such an indispensable part of the normal routine of running a farm that the job is not merely incidental to the farming operation, then the farm laborer exemption will apply. Again, see 1C A. Larson, The Law of Workmen’s Compensation § 53.00 (1982) for a more detailed discussion.
In the present case, the evidence is sufficient to create a genuine issue of material fact. The employer maintains that the employee engages in the normal day-to-day operation of the nursery, helping plant, grow, tend, and harvest the nursery stock. The employee contends that he works as a truck driver and mechanic and that he has no part and nothing to do with the farming aspect of the nursery. Clearly, in view of the above, this presents a genuine issue of material fact. Therefore, summary judgment was improper in this instance.
*1098 We would be remiss in not commenting that we should not be understood as indicating whether or not the employee falls within the provisions of § 25-5-50. We only find that there is sufficient “evidence” when viewed in light of the presumptions surrounding summary judgments to present a genuine issue of material fact.
Furthermore, we should not be understood as necessarily deciding that a nursery is a farming operation within the scope of workmen’s compensation law. We refer interested parties to the annotations in 140 A.L.R. 399.
This case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.