* Reporter's note: No application for rehearing had been filed in the Court of Civil Appeals. That court, on April 4, 1988, entered the following order: "[A]s a sanction for brief being late, if appellant is not successful on appeal, no rehearing may be accepted."
Appellant, Jack Buchanan, appeals from a summary judgment granted in favor of appellee, T.W. Pankey, in a workmen's compensation case.
The record shows that Buchanan was working for T.W. Pankey's commercial dairy as a "general farm laborer" at the time of his accident. His injury occurred while he was repairing a flat tire on a tractor used in connection with making feed.
Specifically, Buchanan contends that the farm laborer exemption under § 25-5-50, Code of Alabama 1975 (1986 Repl.Vol.), is not applicable to a laborer at a commercial dairy. This contention is without merit.
Summary judgment is proper where there is no genuine issue as to material fact and the moving party is entitled to a judgment as a matter of law. Town of Mulga v. Town of Maytown,502 So.2d 731 (Ala. 1987). Buchanan concedes that the facts are without dispute. Thus the question before us is one of law. The question of whether a farm laborer at a commercial dairy is subject to exemption pursuant to workmen's compensation is one of first impression here. The Alabama legislature adopted Minnesota's compensation law and the Minnesota court's interpretation of such law in 1919. Pow v. Southern Const. Co.,235 Ala. 580, 180 So. 288 (1938). Today, Minnesota's construction of its workmen's compensation law serves as a source of persuasive value in those cases where Alabama law offers no guidance. Eley v. Brunner-Lay Southern Corp.,289 Ala. 120, 266 So.2d 276 (1972). Consequently, we find thatGreischar v. St. Mary's College, 176 Minn. 100, 222 N.W. 525
(1928), is applicable to our situation. In this case, the Minnesota Supreme Court classified dairy employees as farm laborers for purposes of the farm laborer exemption. The court stated:
 "Of course no distinction can at this day be made in this state between the status of a laborer on a dairy farm and one on a grain farm so far as the protection of the workmen's compensation act applies. To milk cows and care for the barns on a dairy farm or plow its fields, must be considered the work of a farm laborer just the same as would be the same work upon any other sort of a farm."
176 Minn. at 102, 222 N.W. at 526. Moreover, other courts outside Minnesota have held that dairy employees are subject to the farm laborer exemption. Hardy v. Gapen, 141 Pa. Super. 101, 14 A.2d 892 (1940); Holmes v. Travelers Ins. Co.,148 S.W.2d 270 (Tex.Civ.App. 1941); Keeney v. Beasman, 169 Md. 582,182 A. 566 (1936). Furthermore, this court stated in Patrick v.Miller, 440 So.2d 1096 (Ala.Civ.App. 1983), that the controlling consideration in determining whether an employee is a farm laborer for purposes of § 25-5-50 is the nature of the work performed by the employee.
We conclude, therefore, that appellant was not entitled to any workmen's compensation benefits and that summary judgment was properly granted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 1227