ROBERTSON, Presiding Judge.
This is a workers’ compensation case.
John D. Early filed a complaint for workers’ compensation benefits against Bud Dunn, individually, Bud Dunn Stables, and Steve Dunn for injuries to his foot and ankle caused when he fell, or was thrown from a horse. The Dunns asserted that Early was a “farm laborer” and, therefore, excluded from workers’ compensation coverage pursuant to § 25-5-50, Code 1975; that the Dunns were not subject to the Alabama Workmen’s Compensation Act (Act) because they “regularly employed less than three employees”; and that Early’s claim should have been filed under the Alabama Employer’s Liability Act.
After an ore tenus proceeding, the trial court found that Early was employed in a stable facility engaged in the care of horses which included feeding, watering, grooming, and training of horses. The trial court found this to be a farm enterprise and that the Dunns were not subject to the Act. The trial court further found, notwithstanding that the Dunns employed a total of three employees, that one of the employee’s duties was entirely that of a farm laborer, and that, therefore, only two of the employees (Early included) “might be considered as those whose work activities might qualify them for required workmen’s compensation coverage.” The trial court concluded that Early was not entitled to workmen’s compensation benefits and entered a final judgment in favor of the Dunns.
On appeal, Early raises two issues: (1) whether there was sufficient legal evidence that the Dunns were operating a “farm enterprise” so as not to be subject to the provisions of the Act; and (2) whether there was sufficient legal evidence that one of the three employees (other than Early) was a “farm laborer” within the meaning of § 25-5-50, Code 1975, and, therefore, not entitled to be considered an employee for worker’s compensation purposes.
*1210 We elect to address Early’s second issue because we find it to be dispositive in this case.
The evidence before the trial court reflected that the Dunns owned a 15-acre parcel of land, fenced and in pasture, on which a large barn was situated. They raised, trained, groomed, and boarded horses. They also raised cows on this small farm; however, the farm’s principal income was from boarding and training other people’s horses. Early’s work activities, and those of one other employee, included getting the horses ready to ride, grooming, feeding, and helping in general to train the horses.
The third employee, Mr. Willie Fuqua, worked for the Dunns only part time and on weekends. He was employed full time at a local foundry at the time of Early’s accident. His work activities included repairing fences, cleaning out stalls, feeding livestock, and general farm labor.
This court has held “that the controlling consideration in determining whether an employee is a farm laborer for purposes of § 25-5-50 is the nature of the work performed by the employee.” Buchanan v. Pankey, 531 So.2d 1225, 1226 (Ala.Civ.App.1988). Also, in reviewing workers’ compensation cases this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods Inc., 575 So.2d 91 (Ala.1991).
It is clear that there was legal evidence to support the trial court’s finding that Mr. Fuqua was a farm laborer. Consequently, we need not address whether the Dunns were operating a “farm enterprise” or a “regular business” with Early as an employee of that business. Since the evidence is clear that there were only two employees, including Early, whose work activities might qualify them for workers’ compensation coverage, the Dunns could not be held to be subject to the Act.
We hold that a reasonable view of the evidence supports the trial court’s judgment; therefore, the judgment is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.