**Doris WURST, Respondent,**

v.

**Douglas FRIENDSHUH, Defendant and Third–Party Plaintiff, Respondent,**

v.

**NORTH STAR MUTUAL INSURANCE COMPANY, Third–Party Defendant, Appellant,**

**Perham State Agency, Inc., Third–Party Defendant, Respondent.**

No. C2–93–1294.

Court of Appeals of Minnesota.

May 31, 1994.

Review Denied July 27, 1994.

John A. Masog, Park Rapids, for Doris Wurst.

Lynn J. Hummel, Hummel, Sinclair, Pearson, Evans, Hunt & Heisler, P.A., Detroit Lakes, for Douglas Friendshuh.

Paul Stoneberg, Christianson, Stoneberg, Giles & Myers, P.A., Marshall, for North Star Mut. Ins. Co.

Charles E. Lundberg and James O. Redman, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Perham State Agency, Inc.

## OPINION

ANDERSON, Chief Judge.

Respondent Doris Wurst sued respondent Douglas Friendshuh for negligence after she was injured while working on his farm. Friendshuh brought a third-party declaratory judgment action against his insurer, appellant North Star Mutual Insurance Company (North Star), asserting that North Star was obligated to defend and indemnify him in Wurst's action. North Star denied liability based on its policy's exclusion of claims covered by workers' compensation law. Friendshuh also sued his insurance agent, respondent Perham State Agency, Inc. (Perham), for negligent selection of an insurance policy. We hold the trial court erred by ruling as a matter of law that Wurst was not a farm laborer and therefore not covered by the Workers' Compensation Act. The court further erred by ordering North Star to indem-

nify Friendshuh against Wurst's claim and to pay Perham's attorney fees. We reverse.

## FACTS

Respondent Douglas Friendshuh, a dairy production specialist for Land O'Lakes, Inc., owns and operates a 65 to 90 cow dairy farm for profit and investment purposes. He hired a full-time dairy herdsman/manager, Gerrit Wierbos, to manage the dairy operation and others to perform field work. From time to time, Friendshuh also hired temporary help to work while Wierbos was on vacation. Friendshuh did not have workers' compensation coverage for his employees, but he did have a liability insurance policy with appellant North Star Mutual Insurance Company (North Star). Perham State Agency, Inc. (Perham) chose the North Star liability insurance policy for Friendshuh.

Respondent Doris Wurst and her husband owned and operated a milking service that provided milking and chore services to dairy farmers. They advertised by posting signs at local creameries and by sending flyers with Land O'Lakes milk checks. Wurst and her husband were hired to work on Friendshuh's farm in early October 1990, while Wierbos was on vacation. They milked cows, fed calves, cleaned the barn, and performed other chores primarily related to the dairy operation. During that time, Friendshuh arranged to transport some of his cattle from a rented pasture back to his farm and called Wierbos to ask for assistance. Because he was on vacation, Wierbos asked the Wursts if they were willing to do that job. They agreed. On October 10, while assisting others in loading the cattle onto a truck, Wurst was injured when a heifer slammed into the gate she was holding. Wurst was thrown against a gate post, causing her to lose five teeth, break her wrist, bruise her leg, and sustain other bumps and scrapes.

Wurst sued Friendshuh for negligence. Friendshuh brought a third-party declaratory judgment action against North Star, asserting that North Star was obligated to defend and indemnify him in Wurst's action. North Star denied liability based on its policy's exclusion of claims covered by a workers' compensation law. The policy excluded cov-erage for "bodily injury to a person * * * if benefits * * * are required to be provided by an insured under a worker's compensation * * * law." Friendshuh also sued Perham for negligent selection of an insurance policy.

The trial court ruled as a matter of law that Wurst was not a farm laborer under the Workers' Compensation Act. The jury by special verdict found that Wurst was an independent contractor and not Friendshuh's employee. Because Wurst was not a farm laborer and was an independent contractor, the court ruled that the North Star policy covered Wurst's injuries. The court ordered North Star to indemnify Friendshuh against Wurst's claims and to pay Friendshuh all attorney fees and costs incurred as a result of North Star's refusal to defend him. The court also ordered North Star to pay Perham $13,699 in attorney fees. North Star appeals and we reverse.

## ISSUES

I. Did the trial court err in determining that Wurst was not covered by the Workers' Compensation Act and consequently was covered by the North Star insurance policy?

II. Did the trial court err in ordering North Star to pay Perham attorney fees?

## ANALYSIS

### I.

North Star argues that the trial court erred by concluding Wurst was not a farm laborer within the meaning of the Workers' Compensation Act. Determining the meaning of "farm laborer" under the Workers' Compensation Act is a question of law this court reviews de novo. *See Meyering v. Wessels,* 383 N.W.2d 670, 672 (Minn.1986) (determining whether a particular farm operation comes within the "family farm" exception of the Workers' Compensation Act is a question of law or at least a mixed question of fact and law which this court independently reviews).

Because the North Star policy excludes claims covered by the Workers' Compensation Act, we must determine whether the Act would have covered Wurst. Under

Minnesota law, courts generally construe insurance policies liberally in favor of the insured and strictly against the insurer. *St. Paul Fire & Marine Ins. Co. v. Federal Deposit Ins. Co.,* 765 F.Supp. 538, 547 (D.Minn.1991), *aff'd,* 968 F.2d 695 (8th Cir. 1992). Nonetheless, we must interpret the North Star policy in conjunction with the Workers' Compensation Act. Because the Act is remedial in character and seeks to accomplish a humane purpose, we should give it a broad and liberal interpretation. *Dependents of Lemke,* 291 N.W.2d 378, 380 (Minn.1980).

All employers and employees are subject to the Workers' Compensation Act unless the Act explicitly excludes them. Minn.Stat. § 176.021, subd. 1 (1990). There are several exclusions, two of which are at issue in this case: (1) the family farm exception, and (2) the independent contractor exception. *See* Minn.Stat. § 176.041, subd. 1(b) and (*l*) (1990). Wurst is covered under the Workers' Compensation Act unless she worked on a family farm or she was an independent contractor. We conclude that neither of these exclusions applies to Wurst, that she is covered by the Act, and that North Star has no duty to indemnify Friendshuh.

■ The statute defines "family farm" as follows:

Subd. 11a. **Family Farm.** "Family farm" means any farm operation which pays or is obligated to pay less than $8,000 in cash wages, exclusive of machine hire, to farm laborers for services rendered during the preceding calendar year. *For purposes of this subdivision, farm laborer* does not include any spouse, parent or child, regardless of age, of a farmer employed by the farmer, or any executive officer of a family farm corporation as defined in sec-

tion 500.24, subdivision 2, or any spouse, parent or child, regardless of age, of such an officer employed by that family farm corporation, or other farmers in the same community or members of their families exchanging work with the employer. *Notwithstanding any law to the contrary, a farm laborer shall not be considered as an independent contractor for the purposes of this chapter; provided that a commercial baler or commercial thresher shall be considered an independent contractor.*

Minn.Stat. § 176.011, subd. 11a (1990) (emphasis added). Under the statute, a family farm is any farm operation that pays farm laborers less than $8,000 in cash wages for services rendered during the preceding calendar year. The record shows that Friendshuh paid his herdsman/manager $18,000 in 1989, the year preceding the accident, and also hired other workers to perform field work and various farm chores. Because the amount Friendshuh paid in wages for farm services exceeds the permissible limit for family farms, Friendshuh's operation is not a family farm. Therefore, Wurst is not excluded from Workers' Compensation Act coverage as a person employed by a family farm. Minn.Stat. § 176.041, subd. 1(b) (1990).

■ The statute further excludes coverage for "persons who are independent contractors as defined by rules adopted by the commissioner pursuant to section 176.83." Minn. Stat. § 176.041, subd. 1(*l*). The rules referred to are those codified at Minnesota Rules Chapter 5224, "Department of Labor and Industry Independent Contractor." However, as stated in the definition of family farm, a farm laborer is not an independent contractor for purposes of the Workers' Compensation Act. Minn.Stat. § 176.011, Subd. 11a.[1] Because the Act is explicit about

---

1. Because the legislature placed this provision within the family farm definition, at first glance it seems that the legislature meant the provision to apply only to farm laborers on family farms. But the language "for purposes of this chapter" indicates the legislature's intent that for workers' compensation purposes, farm laborers are never to be considered independent contractors unless they are commercial balers or threshers. Our conclusion is supported by the preceding sentence in the subdivision, where the legislature used the language "for purposes of this subdivi-

sion." If it had intended that only farm laborers on family farms not be considered independent contractors, the legislature would have used the same language as it did in the preceding sentence. While the legislature's placement of this provision in the family farm definition instead of the farm laborer definition is perplexing, the statute's language is unambiguous. Furthermore, because the Act is liberally construed to provide coverage, the independent contractor exception must be interpreted narrowly. Therefore, we conclude that the legislature did not

this issue, there is no reason to turn to Minnesota Rules to define independent contractor. Therefore, if we determine that the trial court erred in ruling as a matter of law that Wurst was not a farm laborer, she is not excluded from coverage under the Act as an independent contractor.

In order to determine whether Wurst is a farm laborer, we must first look to the Workers' Compensation Act. The Act does not define "farm laborer," but does indicate who is not a farm laborer—" 'farm laborer' does not include an employee of a commercial thresher or commercial baler." Minn.Stat. § 176.011, subd. 12 (1990). Wurst is not excluded from farm laborer status under this provision.

�merous ▪▪ Where one is not explicitly excluded from farm laborer status by the statute, the issue of whether the individual is a farm laborer is determined by the whole character of the employment. *Nelson v. Harder Royal Breeders, Inc.*, 290 Minn. 302, 304, 187 N.W.2d 634, 636 (1971).

> Ordinarily the terms (agricultural and farm laborer) connote the tilling of the soil, its products, and the raising and caring for such domestic animals as are usually found in those surroundings.

*Id.* at 306, 187 N.W.2d at 637 (quoting *Tucker v. Newman*, 217 Minn. 473, 480, 14 N.W.2d 767, 772 (1944)). In other words, to be considered a farm laborer, an individual must perform chores typically considered part of operating a farm and must perform those chores on a farm. A person who milks cows or cares for animals on a farm is a farm laborer, whether employed by an individual or a corporation. *See, e.g., Nelson*, 290 Minn. at 304, 187 N.W.2d at 636 (person who cared for turkeys on turkey farm is farm laborer though employed by a corporation engaged in raising turkeys and commercial egg production); *Hebranson v. Fairmont Creamery*, 187 Minn. 260, 262, 245 N.W. 138, 139 (1932) (employee of creamery is a farm laborer when he worked on the creamery's demonstration farm); *cf. Tucker v. Newman*, 217 Minn. at 478, 14 N.W.2d at 770 (where raising fox and mink was a substantial commer-

cial enterprise, a worker caring for the fox and mink is not a farm laborer).

By milking, feeding cows and calves, cleaning barns, and moving cattle from one field to another while working on a farm, Wurst engaged in work typically considered to be farm labor. Accordingly, considering the whole character of Wurst's employment, we conclude that she was a farm laborer under the Workers' Compensation Act. This conclusion is not affected by the fact that Friendshuh assigned Wurst certain tasks when first hiring her, and later asked her to do others.

Even though the manner in which the Wursts operated their custom milking business may indicate independent contractor status, because Wurst is a farm laborer within the meaning of the Workers' Compensation Act, she is not an independent contractor. *See* Minn.Stat. § 176.011, subd. 11a. We recognize that in providing an exception for commercial balers and threshers, the legislature may not have anticipated changes in the farm industry that would cause farmers to make arrangements for custom milking services; but, in any event, the statute does not contemplate contracts for this work. Therefore, we will not read the statute to create exclusions that are not expressly provided. Minn.Stat. § 645.19 (1990).

The trial court erred by concluding Wurst was not a farm laborer and, therefore, the jury should never have determined her independent contractor status. Because we conclude that Wurst is not excluded from workers' compensation coverage by the family farm or independent contractor exceptions, she is covered by the Workers' Compensation Act. Therefore, we conclude that the North Star policy did not cover Wurst's claim and that North Star is not liable under its policy to indemnify Friendshuh for Wurst's injuries.

## II.

▪▪ The trial court granted Perham's motion for attorney fees and costs incurred in defending Friendshuh's claim against it and North Star. On appeal, North Star argues

---

intend any farm laborer to be an independent contractor under the Act unless he or she works

as a commercial baler or thresher.

that Perham is not entitled to attorney fees because there is no authority for granting such an award. *See Lundeen v. Lappi,* 361 N.W.2d 913, 917 (Minn.App.1985), (attorney fees generally are not recoverable in absence of a contract or statute), *pet. for rev. denied* (Minn. Apr. 18, 1985). Because we conclude that North Star's policy with Friendshuh excludes coverage for injuries suffered by Wurst, North Star should not be liable for the fees and costs Perham incurred to defend an action for negligent selection of an insurance contract. *See Farr v. Armstrong Rubber Co.,* 288 Minn. 83, 97, 179 N.W.2d 64, 72–73 (1970) (where party seeking indemnity must defend its own wrongful conduct as well as another's, the court may properly disallow attorney fees in the indemnity action). Accordingly, we reverse the court's award of attorney fees and costs to Perham.

## DECISION

The trial court incorrectly concluded that Wurst was not a farm laborer within the meaning of the Workers' Compensation Act. This resulted in an erroneous jury verdict and court determination that North Star was liable to pay Wurst's damages under its insurance policy with Friendshuh. The court also erred in awarding Perham attorney fees and costs.

**Reversed.**