Dorothy M. Raines sued her employer, JWM, Inc., for workers' compensation benefits claiming to have been injured in the line and scope of her employment. Raines claimed that as a result of the injury, she was permanently disabled. After a hearing, the trial court entered a judgment finding that Raines was permanently and totally disabled as a result of an on-the-job accident and awarding benefits accordingly. JWM appeals.
JWM, a Mississippi corporation doing business in Alabama, contends that the trial court erred in awarding workers' compensation benefits to Raines because, it says, Raines was engaged in farm labor at the time of her injury and therefore, pursuant to § 25-5-50(a), Ala. Code 1975, is precluded from receiving workers' compensation benefits.
The provisions of the Workers' Compensation Act do not apply to "an employer of a farm laborer." § 25-5-50(a). This court has explained the farm-laborer exception to the Act as follows:
 "[I]t is generally recognized that the exemption of farm labor from workmen's compensation coverage is construed according to the character of the work regularly performed by the employee, not according to the nature of the employer's business. See 1C A. Larson, The Law of Workmen's Compensation § 53.00 (1982). In other words, it is the nature of the work the employee does that determines whether he is a `farm laborer' for purposes of Ala. Code § 25-5-50 (1975). Therefore, generally speaking, the employer's business can be agricultural, but if the employee's work is nonagricultural or significantly disassociated from the normal routine of running a farm, the farm laborer exemption will not apply. On the other hand, if the specific employee's work is nonagricultural, but is such an indispensable part of the normal routine of running a farm that the job is not merely incidental to the farming operation, then the farm laborer exemption will apply."
Patrick v. Miller, 440 So.2d 1096, 1097 (Ala.Civ.App. 1983).
Raines testified that she was injured on her first day of work for JWM. She said that her job was to gather trees in the field, bundle them together, and put them in a bag. Men would then load the bundles of trees onto a truck. James Morrison, the "principal" of JWM, Inc., said that he hired Raines to harvest pine and hardwood nursery stock. Bill Vinson, an occupational consultant, testified that he believed harvesting trees in a nursery constituted work in the forestry industry.
In its judgment, the trial court said that it had looked to Minnesota workers' compensation law as persuasive authority in this instance because there was no Alabama law on point. See,Buchanan v. Pankey, 531 So.2d 1225 (Ala.Civ.App. 1988). One of the Minnesota cases relied upon by the trial court held, "To be considered a farm laborer, an individual must perform chores typically considered part of operating a farm and must perform those chores on a farm." Wurst v. Friendsuh, 517 N.W.2d 53, 56
(Minn.Ct.App. 1994). The other case relied upon held, "Although it is the policy of the legislature to exempt farm labor from the Workmen's Compensation Act, we should not extend that policy by such a broad interpretation of the term as to include independent and separate commercial enterprises clearly not intended to be included within the meaning of `farm labor.'" Tucker v. Newman,14 N.W.2d 767, 772 (Minn. 1944). In applying those holdings to the facts in this *Page 249 
case, the trial court concluded that Raines was employed in the forestry industry and not as a farm laborer, and, therefore, that she was entitled to recover worker's compensation benefits.
We must bear in mind that the Workers' Compensation Act is to be liberally construed to accomplish its beneficent purposes and that all doubts must be resolved in favor of the employee.Scott Paper Co. v. Smith, 600 So.2d 269 (Ala.Civ.App. 1992). A trial court's factual findings based upon conflicting ore tenus evidence will not be disturbed on appeal unless they are "clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence." American PetroleumEquip. Constr., Inc. v. Fancher, 708 So.2d 129, 132 (Ala. 1997). The trial court heard testimony regarding the nature of JWM's enterprise and the work performed by Raines. The trial court found that JWM is involved in the forestry industry and is not a farm. Evidence supports the findings that harvesting hardwood trees is not farm labor, that JWM is not a farm, and that Raines was not working as a farm laborer when she was injured.
Furthermore, if we held that a job within the forestry industry was "farm labor," then conceivably workers involved in commercial activities within the timber and pulpwood industries could be held to be excluded from receiving workers' compensation benefits. If the employers in those industries lost the benefits provided them by the statutory provisions making workers' compensation benefits the employee's exclusive remedy for a work-related injury (see § 25-5-52, Ala. Code 1975), then they would be liable for such an injury in accordance with the ordinary rules of civil liability. It would appear that both the employee and the employer benefit from having the Workers' Compensation Act apply in this case.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
Robertson, P.J., and Yates, J., concur.
Crawley and Thompson, JJ., dissent.